FILED & ENTERED

OCT 23 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Nunzio Donato Ciaraulo<br><br><br><br><br>Debtor(s). | Case No.: 1:10-bk-16948-GM<br><br>CHAPTER 7<br><br>**ORDER ON MOTION FOR DAMAGES FOR VIOLATION OF THE DISCHARGE INJUNCTION [dkt. 27]**<br><br>Date:      September 25, 2018<br>Time:      10:00 AM<br>Courtroom: 303 |

    Debtor Nunzio Ciaraulo filed this motion seeking damages from Diego Diloretto for violation of the discharge injunction due to the recording of a mechanic's lien. On September 26 the Court entered its order voiding the mechanic's lien and continuing the motion for sanctions to October 23, 2018. [dkt. 32].

    On October 23, both parties were present in court and each was represented by counsel. After oral argument, the Court hereby adopts its tentative ruling, which is set forth below. Compensatory Damages and Sanctions are hereby denied.

-1-

TENTATIVE RULING FOR OCTOBER 23, 2018

At the prior hearing, the Court voided the mechanic's lien - order entered on 9/26/18.  The remaining issue is the sanctions.

Opposition by Diego Diloretto:
Diloretto did not receive adequate notice of the case or of the order of discharge.  The email that the Debtor sent did not include the case number. Since Diloretto was not included in the schedules or the mailing list, he never got notice from the court.

Even if the Court finds a violation of the discharge stay, there is no evidence of willfulness or bad faith, so no attorney's fees should be awarded.  Diloretto recorded a Release of Mechanic's Lien on 9/5/18.

As to compensatory damages, there is no evidence that the existence of this lien caused a delay in refinance or a higher interest rate.  There are three tax liens and an abstract of judgment on this property, which are more likely to have caused the delay.

As to punitive damages, general statements that the Debtor repeatedly told the Creditor that he had received a discharge is too general since particularity is needed.

Per the declaration of Mr. Diloretto, he continued to do work for the Debtor through July 2010.  On 7/11/10, he received an email in response to a request for payment that Mr. Ciaraulo had filed bankruptcy under chapter 7 on 6/9/10.  He never received notice from the bankruptcy court.  The next contact that he had from the Debtor was in August 2018, when he received a phone call threatening him to remove the mechanic's lien.

Diloretto then went to Michael Berger's office.  Berger recommended that he release the lien and gave him a week to respond.  Diloretto called Berger's office and told them to arrange the paperwork to release the lien and on 9/4/18 when he was going to sign that, he was informed by Berger's assistant that on 8/31/18 the Debtor had fired Berger because he was not happy that Berger did not file an action against him.  The next day Diloretto went to the LA County Recorder's Office and recorded the Release of Lien.

On 9/10 he received a copy of this motion with no hearing date.  When he contacted Tang and told him that he had released the lien, Tang advised him to get a lawyer, which he did.  He was never told of the 9/25 hearing date and later found out that the notice of hearing was sent to the wrong address.

Debtor's Reply
Diloretto was served with the first motion to reopen in Jan. 2011 And thus knew of the case.  He actually filed his post-discharge mechanic's lien after he received that service.  Through 7/11, the parties were in email contact and Diloretto was referred to Michael Berger's office.

In and before 7/16/16, Debtor attempted to refinance the property, but was denied due to his history of slow payments, previous bankruptcy case, and the mechanic's lien.  In July 2018, Debtor again retained Berger's office to resolve the issue of the mechanic's lien removal.  When the mechanic's lien was still in place at the end of August, Debtor hired Tang to go forward with this motion.  He paid $2,000 to Berger and $2,260 to Tang.

The service of this motion and the motion to reopen were made on the address for Rufus Construction as shown on the CA Secretary of State's website. The 9/7/18

service on Diloretto was made at 19135 Cantara St., Reseda.  On 9/16, Tang received a call from Diloretto and confirmed the 9/25/18 hearing date.  No opposition was filed or appearance made by Diloretto.

    The requested attorneys' fees are reasonable and should be awarded.

Proposed Ruling

    As to the issue of loss of a refinance, it is clear that this mechanic's lien was at most a minor issue.  The Debtor had a history of bankruptcy and slow payments and there were five liens on the property (only one of which was this lien) and some were substantial tax liens as well as a judgment lien.  Thus there is an insufficient showing of causation.

    As to the claim for emotional distress, there is no basis given the dates, etc. involved.  At best the Debtor sought the removal of this lien over a period of a few months after 7 years since the filing.  The lien was removed without substantial delay.  The Debtor clearly had other issues to deal with including the remaining four liens on the property.

    As to the issue of attorneys' fees, there may be justification of an award for the Berger fees ($2,000), but there is no reason that the Debtor had to hire another attorney or go forward since the lien was removed on 9/5.  In general I am not disposed to award any fees here.  The failure to list Diloretto and Rufus in the original schedules was the fault of the Debtor and all of this could have been avoided.  There is a question whether Diloretto received a copy of the original motion to reopen and the order.  It was mailed to "Rufus" at 6545 Columbus Ave., Van Nuys 91411 on 1/6/11.  The order was mailed to the same address.  This is the correct address for Rufus Construction.  Presumably he received this, but the order (dkt. #23) does not instruct that the liens were to be removed or no liens filed.  It merely says that all dischargeable debts have been discharged.  The Court does not expect a layman to understand what that means.  However, the mechanic's lien was recorded on 1/20/11, presumably after Diloretto had notice of the bankruptcy, but before the order that the debt was discharged.

    The Debtor then delayed seeking the removal of the lien. He apparently knew that it existed since he declares that in 2016 he was orally advised that this was one of the reasons that he was being turned down for a refinance.  The delays were in his hands and he cannot lay them at the feet of Diloretto.  I cannot sanction Diloretto for not releasing the mechanic's lien that he filed post-petition but before he had notice of the discharge.  Had Debtor acted timely to have this removed and Diloretto refused or failed to do so, it would have been another matter.  But Debtor just sat on his rights and he must bear the responsibility for that.

    Deny the motion as to damages.

Date: October 23, 2018

###

Geraldine Mund
United States Bankruptcy Judge